IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORENZO CROWE, III** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 10-cv-4280 |
| | : | |
| **WORDSWORTH ACADEMY** | : | |
| and **DESIRE YOUNG,** | : | |
| Defendants. | : | |

<u>**MEMORANDUM**</u>

**LYNNE A. SITARSKI**                                                                       **DATE: March 9, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is a "Motion for Reconsideration" filed by Plaintiff Lorenzo Crowe, proceeding *pro se* (Doc. No. 46). Plaintiff apparently seeks reconsideration of this Court's August 9, 2011 Order entered pursuant to Local Rule 41.1(b), dismissing the action with prejudice.[1]

For the reasons explained herein, the Motion for Reconsideration will be denied.

---

[1] Plaintiff (proceeding *pro se*, despite having counsel of record) filed a "Motion to Withdraw as Counsel, Petition to Enforce Settlement" on January 30, 2012 (Doc. No. 39). However, Plaintiff filed a "Praecipe to Withdraw a Combined Motion" on February 28, 2012 (Doc. No. 44). Also on February 28, 2012, Plaintiff filed the instant *pro se* "Motion for Reconsideration." (Doc. No. 46). Plaintiff does not identify the Order as to which he seeks reconsideration; however, the Proposed Form of Order asks the Court to return this case to the "active docket." In liberally construing this *pro se* filing, we thus conclude that Plaintiff seeks reconsideration of the Rule 41.1 Order of Dismissal, entered on August 9, 2011.

In the most technical sense, Plaintiff's "Motion for Reconsideration" is time-barred. Local Rules require any "Motion for Reconsideration" to be filed within 14 days of entry of the judgment. *E.D. Pa. Local R. Civ. P. 7.1/(g).* The instant Motion for Reconsideration was filed 203 days after the Order of Dismissal. However, again liberally construing the *pro se* filing, and as set forth herein, we consider whether Plaintiff is entitled to relief under Fed. R. Civ. P. 60(b).

**I.     BACKGROUND**

The Rule 41.1(b) Order was entered on August 9, 2011, after a settlement conference held on that same date, at which the parties agreed to various terms to resolve the dispute. Mr. Crowe personally appeared and actively participated in the settlement conference. At the conclusion of the conference, a Court Reporter was called to the Courtroom, and the agreed-upon terms were recited on the record. (See Tr., Doc. No. 38).

Thereafter, on September 3, 2011, Plaintiff (apparently proceeding *pro se*, despite having counsel of record) sent a letter to the Court, complaining of inconsistencies between the settlement terms orally recited on the record on August 9, 2011, and the written release drafted by Defendant Wordsworth Academy. Plaintiff contended (at that time) that the transcript of August 9, 2011, would demonstrate these inconsistencies. Plaintiff did not request any type of relief from the Court. This *pro se* letter was not docketed, and apparently was not copied to defense counsel.

The August 9, 2011, on-the-record colloquy was transcribed; the transcript was docketed on January 10, 2012. As noted, the transcript memorialized the agreed-upon terms, as recited on the record on August 9.[2] Plaintiff affirmed twice that the terms as recited on the record were accurate and complete, stating specifically, "Everything's fine, your honor." (Tr. 3:21, Aug. 9, 2011).

On February 28, 2012, Plaintiff filed a *pro se* "Motion for Reconsideration." The Court held a hearing on February 29, 2012 to discuss all outstanding motions.[3]

---

[2] Those terms are not recited herein, because the parties agreed that their agreement should be kept confidential.

[3] Plaintiff also filed a Motion for Sanctions (Doc. No. 41), Motion to Recover (Doc. No. 42), and Motion to Withdraw as Counsel (Doc. No. 45). Disposition of those motions will be discussed *infra*.

II. **ANALYSIS**

As noted, Plaintiff seeks relief from an Order dismissing this action with prejudice pursuant to Local Rule 41.1(b), entered August 9, 2011, after a settlement conference between the parties. Local Rule 41.1(b) permits such an order of dismissal to be "vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." The party seeking relief bears the burden of showing good cause for setting aside the dismissal. *Thomas v. Univ. of Pa.*, No. 06-1916, 2007 WL 2891739 at *2 (E.D. Pa. Oct. 2, 2007). The present motion was filed more than 200 days after the Rule 41.1 Order was entered, and so is untimely.

However, in liberally construing *pro se* Plaintiff's filings, we consider whether Plaintiff is entitled to relief under Federal Rule of Civil Procedure 60(b), pursuant to which a party may seek relief from a final order of dismissal. *Perry v. Delaware River Port Authority*, 208 Fed. Appx. 122, 124-125 (3d Cir. 2006) (construing plaintiff's pro-se "Motion for Reconsideration" as a Rule 60(b) motion). The party must file a Rule 60(b) motion within a "reasonable" time and establish one of six grounds for relief. *Lee v. City of Philadelphia*, No. 06-1518, 2008 WL 4601913 at *1 (E.D. Pa. Oct. 14, 2008). In this case, the only arguable bases for relief are "mistake, inadvertence, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)&(6). The decision to set aside an order or judgment under Rule 60(b) "lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Lewis v. Tennis,* No. 08–4498, 2010 U.S. Dist. LEXIS 60409, at *6 (E.D. Pa. June 17, 2010) (internal quotation marks and citations omitted).

We will give *pro se* Plaintiff the benefit of the doubt, and conclude that the motion was filed within a "reasonable" time. However, I conclude that Plaintiff is not entitled to the relief he seeks. As noted, the judgment may be set aside based upon "mistake, inadvertence, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Importantly,

these provisions in Rule 60(b) are not properly employed as an escape clause for a party who experiences buyers' remorse after agreeing to settle their case.  "While plaintiff may believe in hindsight that [he] could have obtained a better deal from defendants, we have no doubt that [he] understood the terms of the settlement when [he] made the agreement.  Errors in judgment are not the type of mistake protected by Rule 60(b)(1).  Settlements would never be final if we granted relief whenever plaintiffs decided that they should have made additional demands." *DeAngelis v. Widener Univ. School of Law*, 1998 WL 964207 (E.D. Pa., Nov. 3, 1998) (Bartle, J.).  *See also State Farm Mut. Auto. Ins. v. Makris*, CV.A. 01-5351, 2003 WL 22533696, at *3 (E.D. Pa. Oct. 21, 2003) (refusing to vacate dismissal where terms of settlement agreement were read into the record but plaintiff subsequently denied agreeing to them).

Plaintiff initially complained that the written release he received from counsel for Defendant "is not what we agreed upon on the record" during the August 9, 2011 colloquy.  (*See* September 3, 2011 Letter, Doc. No. 46, Ex. A).  However, we now have the benefit of the Transcript of the August 9, 2011 on-the-record colloquy.  This Court recited the terms of the agreement negotiated that same morning.  Plaintiff affirmed twice that the terms as recited on the record were accurate and complete, stating specifically, "Everything's fine, your honor." (Tr. 3:21, Aug. 9, 2011).[4]

---

[4] To the extent that the present motion arises out of the parties' inability to memorialize in writing the on-the-record oral agreement, such is of no moment.  Under Pennsylvania law, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.1970).  A settlement agreement need not be in writing to be enforceable.  It becomes binding once the parties have mutually agreed to its terms and conditions.  *Id.*, citing *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 803 (3d Cir. 1962).  "A settlement agreement will not be set aside absent a clear showing of fraud, duress, or mutual mistake." *Pennsbury Village Associates, LLC v. Aaron McIntyre*, 11 A.3d 906, 914 (Pa. 2011) (citing *Rago v. Nace*, 313 Pa. Super. 575, 460 A.2d 337, 339 (1983)).  Here, of course, the Court recited the agreed-upon terms on the record, and both parties indicated their assent to the terms as recited.

Having determined that settlement was reached, and the case was properly dismissed, this Court no longer has jurisdiction over the current dispute. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 381 (1994); *Sawka v. Healtheast, Inc.,* 989 F.2d 138 (3d Cir. 1993). Because this Court no longer has jurisdiction, Plaintiff's Motion for Sanctions (Doc. No. 41), Motion to Recover (Doc. Nos. 42), and Motion to Withdraw as Counsel (Doc. No. 45) will be denied.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE